# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DEREK T. WILLIAMS,<br>           Appellant, | DOCKET NUMBER<br>DA-0752-15-0530-I-1 |
|       v. | |
| UNITED STATES POSTAL SERVICE,<br>           Agency. | DATE: February 9, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Derek T. Williams, Monroe, Louisiana, pro se.

Charles E. Booth, Dallas, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction based on the written record. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.[2]  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant bears the burden of proving by preponderant evidence that his appeal is within the Board's jurisdiction.  5 C.F.R. § 1201.56(a)(2)(i).  If the appellant makes nonfrivolous allegations of fact that, if proven, would establish the Board's jurisdiction, he is entitled to a hearing at which he must prove jurisdiction by preponderant evidence.  *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006).

¶3      An employee of the Postal Service may appeal a removal action under chapter 75 only if he is covered by 39 U.S.C. § 1005(a) or 5 U.S.C. § 7511(a)(1)(B).  5 U.S.C. § 7511(b)(8).  Thus, to appeal a removal action under

---

[2] The appellant has filed a motion requesting that the Board permit him to submit an additional pleading pursuant to 5 C.F.R. § 1201.114(a)(5).  In his motion, the appellant seeks to submit evidence showing that a criminal charge against him for failure to yield leaving a private drive was dismissed.  In light of the Board's dismissal of this matter for lack of jurisdiction, we find this evidence to be immaterial to the outcome of this appeal.  Accordingly, the appellant's motion for leave to file an additional pleading is DENIED.

chapter 75, a Postal employee (1) must be a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity, and (2) must have completed 1 year of current continuous service in the same or similar positions. *Toomey v. U.S. Postal Service*, 71 M.S.P.R. 10, 12 (1996). The term "current continuous service" means service, either in the competitive or excepted service, that immediately precedes an adverse action without a break in Federal civilian employment of a workday. *Fitzgerald v. Department of the Air Force*, 108 M.S.P.R. 620, ¶ 10 (2008).

¶4        Here, the first requirement is satisfied, because the appellant is a preference eligible. However, it is undisputed that the appellant had been employed as a City Carrier Assistant for less than 1 year at the time of his termination, and he concedes that he had a break in service of at least 5 workdays before being appointed to that position. Hence, the appellant lacks 1 year of current continuous service in the same or similar positions. Furthermore, in the absence of an otherwise appealable action, the Board lacks jurisdiction to consider the appellant's claims that the agency violated the collective bargaining agreement. *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (finding that in the absence of an otherwise appealable action, the Board lacked jurisdiction over claims of harmful error, prohibited personnel practices, and the agency's alleged failure to comply with regulations). We conclude that, because the appellant failed to make a nonfrivolous allegation of jurisdiction, the administrative judge properly dismissed his appeal without a hearing.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.